UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 95-20060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABDULLAH USMAN SURTY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(CA H 94 4309 (CR H 91 180 2))

(August 28, 1995)

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

The defendant, Abdullah Usman Surty, appeals the district court's denial of his motion for habeas relief pursuant to 28 U.S.C. § 2255. Finding no error, we affirm.

I. FACTS

In January 1993, Surty was convicted by guilty plea of conspiracy to import heroin. Surty was sentenced to 72 months

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

imprisonment to be followed by five years of supervised release. Surty did not pursue a direct appeal.

In December 1994, Surty filed a § 2255 motion, alleging that he was entitled to relief because: (1) he did not receive any documents in his own language and was therefore "unaware of the majority of the court proceedings"; (2) the "court supplied" interpreter failed to fully translate the proceeding into his native language, prohibiting him from participation; and (3) he received ineffective assistance of counsel because he was unable to effectively communicate with his attorney. Surty also requested that his sentence be reduced because: (1) he did not use violence or a dangerous weapon, (2) the offense did not cause death or serious bodily injury to any person, (3) he was not a leader or organizer, and (4) he has cooperated with the Government. The district court summarily denied Surty's motion.

## II. DISCUSSION

Surty does not raise on appeal those claims presented to the district court. Thus, those claims are deemed abandoned. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Instead, Surty challenges the district court's denial of his motion by arguing for the first time on appeal: (1) that counsel was ineffective in failing to note the absence of grand jury participation in the indictment; (2) that the indictment was defective because it was signed by an Assistant United States Attorney, rather than a United States Attorney; (3) that he was entrapped; and (4) that he should

2

have received a shorter sentence because Salim Sitafalwalla, his co-defendant, was more culpable than he.

As a general rule, this Court will consider errors raised for the first time on appeal "only in exceptional circumstances to avoid a miscarriage of justice." Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994), cert. denied, 115 S. Ct. 903 (1995). None of the arguments made by Surty on appeal present such an exceptional circumstance. Indeed, we find no error, much less error that would constitute a "miscarriage of justice" if left uncorrected.

The non-jurisdictional defects Surty claims with regard to his conviction were waived by his guilty plea. A valid guilty plea waives an ineffective-assistance-of-counsel claim, unless the ineffective-assistance affects the voluntariness of the plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984). Surty does not claim that the alleged ineffectiveness cause his plea to be involuntary. In addition, any defect concerning the signature by the attorney for the Government was waived by Surty's guilty plea. See United States v. Easton, 937 F.2d 160, 161-62 (5th Cir. 1991), cert. denied, 502 U.S. 1045 (1992). Also, the argument that Surty was entrapped was waived by Surty's guilty plea. See United States v. Sarmiento, 786 F.2d 665, 668 (5th Cir. 1986).

To the extent Surty's brief can be read to challenge the sufficiency of the indictment, it does raise a jurisdictional challenge to his conviction. A claim that an indictment fails to

3

state an offense is a challenge to the jurisdiction of the convicting court and is not waived by a guilty plea. Moreover, such a challenge may be raised for the first time in a § 2255 petition because such an error divests the sentencing court of jurisdiction. United States v. Osiemi, 980 F.2d 344, 345 (5th Cir. 1993). When a challenge to the sufficiency of an indictment is presented for the first time on collateral review, however, this court will consider the challenge "only in exceptional circumstances." United States v. Armstrong, 951 F.2d 626, 628 (5th Cir. 1992). The indictment "is entitled to liberal review in favor of the [G]overnment and will be held sufficient if by any reasonable construction it is understood to charge an offense." Id. (internal quotation marks and citation omitted).

The indictment against Surty satisfies this criterion. It includes a reference to the statute which Surty was convicted of offending and alleges the elements of the offense charged. See Armstrong, 951 F.2d at 628. In addition, the indictment was certified a "true bill" by the foreperson of the grand jury, evidencing grand jury participation.

Finally, Surty's claim that he should receive a lesser sentence because his co-defendant was more culpable than he does not merit § 2255 relief. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court denying Surty's motion is AFFIRMED.